Per Curiam.

Order reversed, without costs, and motion denied (unless Doeskin Products, Inc., stipulates that it elects to proceed with the reference as ordered), but without prejudice to a renewal of the application in the event that the cause does not proceed to trial when reached on the calendar in the regular course, and without prejudice also to a renewal of the application, in whole or in part, in the event that some new situation arises making such action necessary to enable the corporations to function efficiently and in the best interests of their stockholders,
*1063 We would vacate this sweeping injunction were it not ,£or the fact that the defendant-appellant consented thereto. Such an injunction, with its broad, general and vague terms, presents difficulties of enforcement and in a measure imposes upon the court a duty of supervising the affairs of a solvent corporation and its solvent subsidiaries — a duty which the court at Special Term cannot and should not undertake.
However, as heretofore stated, that injunction was consented to by the defendant, who now appeals and seeks to vacate it, and the record before us does not show that the operation of the injunction has precluded the defendant-appellant and its subsidiaries from entering into transactions of benefit to the corporations involved and to their stockholders. While the record indicates that there has been an improvement in the financial condition of the companies, we are unable to determine from the record that there has been such a change in the management as would overcome the consent to the injunction heretofore voluntarily given.
It is, however, appropriate to say at this time that, notwithstanding its broad sweeping terms, the injunction should not be interpreted to operate as a strait jacket in preventing the defendant and its subsidiaries from taking all necessary and proper steps to promote the orderly conduct of their business and to preserve and promote the interests of their stockholders. Despite this injunction, the management of the corporations involved is vested in their boards of directors and not in the .court or in the plaintiffs, who are minority stockholders in an untried derivative stockholder’s action. Settle order.
Peck, P. J., Glennon, Dore, Callahan and Shientag, JJ., concur.
Order unanimously reversed, without costs, and the motion denied (unless Doeskin Products, Inc., stipulates that it elects to proceed with the reference as ordered), but without prejudice to a renewal of the application in the event that the cause does not proceed to trial when reached on the calendar in the regular course, and without prejudice also to a renewal of the application, in whole or in part, in the event that some new situation arises making such action necessary to enable the corporations to function efficiently and in the best interests of their stockholders. Settle order on notice.